UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACQUELINE T. ROBINSON-REEDER,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN COUNCIL ON EDUC.<br><br>Defendant. | Civil Action No.  08-1577 (JDB) |

## MEMORANDUM OPINION

This is a Title VII retaliation case brought by Jacqueline Robinson-Reeder ("plaintiff"), proceeding pro se, against her former employer, American Council on Education ("ACE" or "defendant").  Currently before the Court are a number of motions filed by plaintiff seeking: preliminary injunctive relief, appointment of counsel, sanctions against defendant's counsel, and leave to send defendant electronic delivery.[1]  For the reasons stated below, the Court will deny plaintiff's motions.

**I.     Motions for Preliminary Injunctive Relief**

Robinson-Reeder has filed [22] a motion for preliminary injunctive relief to prevent retaliation ("Pl.'s Mot. for Prelim. Inj.") and [26] an amendment to preliminary injunctive relief to prevent retaliation ("Pl.'s Am. Mot. for Prelim. Inj.").  She contends that ACE has been retaliating against her by providing negative job references and telling prospective employers that she filed a charge of discrimination against ACE with the U.S. Equal Employment

---

[1] On June 5, 2009, plaintiff also filed [43] a "Motion for Failure to Provide COBRA Notice Penalties Are Assessed Under 29 U.S.C. 1161."  Because this motion is not yet ripe for decision, the Court will not consider it at this time.

Opportunity Commission ("EEOC").  Pl.'s Mot. for Prelim. Inj. at 2.  Robinson-Reeder seeks to enjoin this alleged conduct and she also asks the Court to order ACE "to give the plaintiff a simple standard job reference."  Pl.'s Am. Mot. for Prelim. Inj. at 9.  In response, ACE asserts that Robinson-Reeder cannot meet the legal standard for granting a preliminary injunction -- particularly with respect to likelihood of success on the merits and irreparable harm.  See Def.'s Opp'n to Mot. for Prelim. Inj. at 2-6.

"Injunctive relief, not usually available in employment cases, is an extraordinary remedy and must be sparingly granted."  Rahman v. Johanns, 501 F. Supp. 2d 8, 19 (D.D.C. 2007).  With that in mind, the standard for a preliminary injunction is well-established.  To prevail, the moving party must demonstrate (1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable harm without injunctive relief, (3) that an injunction would not substantially harm other interested parties, and (4) that issuance of the injunction is in the public interest.  Cobell v. Norton, 391 F.3d 251, 258 (D.C. Cir. 2004); Serono Labs., Inc. v. Shalala, 158 F.3d 1313, 1317-18 (D.C. Cir. 1998).

It is particularly important for the moving party to demonstrate a substantial likelihood of success on the merits.  See Am. Ass'n for Homecare v. Leavitt, 2008 WL 2580217, at *3 (D.D.C. June 30, 2008).  Indeed, "[w]ithout any probability of prevailing on the merits, the Plaintiffs' purported injuries, no matter how compelling, do not justify preliminary injunctive relief."  Am. Bankers Ass'n v. Nat'l Credit Union Admin., 38 F. Supp. 2d 114, 140 (D.D.C. 1999).  The irreparable injury requirement also erects a very high bar for a movant.  See Varicon Int'l v. OPM, 934 F. Supp. 440, 447 (D.D.C. 1996).  A plaintiff must show that it will suffer harm that is "more than simply irretrievable; it must also be serious in terms of its effect on the plaintiff."

Gulf Oil Corp. v. Dept. of Energy, 514 F. Supp. 1019, 1026 (D.D.C. 1981).  To warrant emergency injunctive relief the alleged injury must be certain, great, actual, and imminent.  See Wisconsin Gas Co. v. FERC, 758 F.2d 669, 674 (D.C. Cir. 1985); see also Am. Ass'n for Homecare, 2008 WL 2580217, at *4.  In this jurisdiction, harm that is "merely economic" in character is not sufficiently grave under this standard.  See Wisconsin Gas, 758 F.2d at 674; Boivin v. US Airways, Inc., 297 F. Supp. 2d 110, 118 (D.D.C. 2003); Mylan Pharms., Inc. v. Shalala, 81 F. Supp. 2d 30, 42 (D.D.C. 2000).

      Despite the importance of likelihood of success on the merits and irreparable harm, the four factors "are not considered in isolation from one another, and no one factor is necessarily dispositive as to whether preliminary injunctive relief is warranted.  Rather, the factors interrelate on a sliding scale and must be balanced against each other."  Morgan Stanley DW Inc. v. Rothe, 150 F. Supp. 2d 67, 72 (D.D.C. 2001) (internal quotations and citations omitted).  "If the plaintiff makes a particularly weak showing on one factor, however, the other factors may not be enough to 'compensate.'"  Id. at 73; see also Hunter v. FERC, 527 F. Supp. 2d 9, 14 (D.D.C. 2007); Dodd v. Fleming, 223 F. Supp. 2d 15, 20 (D.D.C. 2002).

      Injunctive relief is not warranted here because Robinson-Reeder can demonstrate neither a substantial likelihood of success on the merits nor irreparable harm.  Robinson-Reeder has presented no evidence in support of her claim that ACE has been providing negative job references.  All that she has presented is inadmissible hearsay and her own speculative and unsupported assertions.  See, e.g., Pl.'s Mot. for Prelim. Inj. at 3 ("Plaintiff has been informed by employment agencies" that ACE has posted "injurious information of plaintiff being fired for rude and unprofessional behavior" on an internet database used for checking references.); Pl.'s

Am. Mot. for Prelim. Inj. at 5 (claiming that a prospective employer's communication with Coleen Collins, ACE's Assistant Vice President, Human Resources and Operations Services, "caused the non-hire of plaintiff"); Pl.'s Mot. for Prelim. Inj. at 3 ("The defendant has hidden behind doors of the Human Resources Department on 1 Dupont Circle, N.W., Washington, D.C., informing potential employers during reference checks of the plaintiff's protected activity 'EEOC complaint filed.'").  By contrast, ACE has provided a sworn declaration from Collins stating that "ACE has not given any negative references regarding Ms. Robinson-Reeder to prospective employers."  Collins Decl. ¶ 6.  Consequently, plaintiff has failed to demonstrate any, let alone a substantial, likelihood of success on the merits.

As this Court has recognized, when a plaintiff "has not established a likelihood of success on the merits, its showing of irreparable harm must be very strong." Apotex, Inc. v. FDA, Civ. A. No. 06-0627, 2006 WL 1030151, at *16 (D.D.C. Apr. 19, 2006).  Robinson-Reeder cannot make such a showing.  According to Robinson-Reeder, her injuries stem from the alleged negative job references given by ACE and its refusal to provide a "standard job reference," which have, in her view, prevented her from finding employment.  She asserts that injunctive relief "is necessary to preserve the ability to gain employment/income." Pl.'s Mot. for Prelim. Inj. at 5.  Hence, this case is, as ACE correctly asserts, a typical case for economic damages.  See Def.'s Opp'n to Mot. for Prelim Inj. at 5.  In the absence of exceptional circumstances, which are not present here, the law is clear that injunctive relief is simply not appropriate in this type of case.  See Wisconsin Gas, 758 F.2d at 674.

Given Robinson-Reeder's failure to demonstrate any likelihood of success on the merits or any irreparable harm, even a substantial showing on the remaining two factors would be

insufficient to justify the extraordinary relief that she seeks.[2]  Therefore, her motions for injunctive relief will be denied.

## II.     Motions for Court Appointed Counsel

Plaintiff has also filed [29] a motion for court appointed attorney ("Pl.'s Mot. for Court Appointed Atty.") and [44] a motion for court appointed attorney for discovery and extension of time for replying to required disclosures ("Pl.'s Sec. Mot. for Court Appointed Atty.").[3]  ACE has not opposed either of these motions.  Nevertheless, the Court must examine whether Robinson-Reeder is entitled to have counsel appointed pursuant to the relevant provision of Title VII, 42 U.S.C. § 2000e–5(f)(1).  That provision states that "[upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant."  Although this "provision gives plaintiffs a right to request representation, it does not create a statutory right to have counsel actually appointed."  Poindexter v. Fed. Bureau of Investigation, 737 F.2d 1173, 1179 (D.C. Cir. 1984).  Rather, "[the decision to appoint rests in the sound discretion of the trial judge."  Id.  The language of the statute, however, "offers little

---

[2] Plaintiff does not address the final two factors in her motions except to say that "preliminary injunctive relief will not harm the defendant, since the Attorney Kearns has gained substantial income in attorney's fees from the defendant, and the American Council on Education's income has not suffered from the plaintiff's complaint."  Pl.'s Mot. for Prelim. Inj. at 5.  For its part, ACE asserts that "there is a strong public interest against preliminary injunctions in cases involving speech," Def.'s Opp'n to Mot. for Prelim. Inj. at 5, and although this is not a defamation case, it raises similar concerns because Robinson-Reeder seeks to enjoin ACE from speaking to her prospective employers.  The Court is not persuaded that either of these considerations alters its analysis in light of the very weak showing made by plaintiff on the first two factors.

[3] On June 9, 2009, the Court granted [44] Robinson-Reeder's motion in part, but only with respect to her request for an extension of time to complete her initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

direction to lower courts confronted with such requests." Id. Due to this lack of statutory guidance, the D.C. Circuit has articulated several factors for courts to consider when resolving a request to appoint counsel in a Title VII case: "(1) the ability of the plaintiff to afford an attorney; (2) the merits of the plaintiff's case; (3) the efforts of the plaintiff to secure counsel; and (4) the capacity of the plaintiff to present the case adequately without aid of counsel." Id. at 1185.

Robinson-Reeder offers scant support for her request beyond her own assertions about her inability to afford counsel, Pl.'s Mot. for Court Appointed Atty. at 1 ("plaintiff is unemployed with no income"), the merits of her claim, Pl.'s Sec. Mot. for Court Appointed Atty. at 5 (claiming that she has "a complaint with merit"), and her lack of capacity to present the case adequately without assistance of counsel, Pl.'s Mot. for Court Appointed Atty. at 1 ("The pro se plaintiff is inadequate to prepare for discovery and settlement conferences.").[4] She also fails to address whether she has made any efforts to secure counsel. More than any of these factors, however, plaintiff contends that it will be unfair for her to continue with the discovery process, and this litigation as a whole, if she proceeds pro se and her adversary, by contrast, is represented by multiple attorneys from a large law firm. See generally Pl.'s Sec. Mot. for Court Appointed Atty.

After careful consideration of all the relevant factors, and based upon the record evidence at this time, the Court concludes that appointment of counsel is not appropriate here. First, even

---

[4] The Court notes that this final concern was addressed in part when the Court, in its February 19, 2009 Order, appointed counsel for Robinson-Reeder for the limited purpose of settlement discussions before Magistrate Judge Kay. Those settlement discussions were ultimately unsuccessful.

if the Court accepts Robinson-Reeder's unsupported assertions that she is unable to afford an attorney, she has made no showing whatsoever with respect to whether she has made "a reasonably diligent effort under the circumstances to obtain counsel." Poindexter, 737 F.2d at 1188 (internal quotations and citations omitted).  Second, although Robinson-Reeder's retaliation claim may "have some chance of prevailing," id. at 1187, the merits of her claim remain in doubt because it was previously dismissed for her failure to exhaust administrative remedies, see Robinson-Reeder v. Am. Council on Educ., 532 F. Supp. 2d 6, 15-16 (D.D.C. 2008), the EEOC issued a right to sue letter at her request, not based upon any determination of the merits of her claim, see Compl., Ex. 1 (Notice of Right to Sue, Aug. 26, 2008), and her claim has not yet withstood a motion to dismiss on substantive grounds or a motion for summary judgment, see Robinson-Reeder v. v. Am. Council on Educ., Civ. A. No. 08-1577 (ECF # 18) (Jan. 15, 2009 Order denying defendant's motion to dismiss plaintiff's retaliation claim on res judicata grounds). Third, plaintiff's contention that she cannot present her case adequately is mitigated by the fact that this does not appear to be a case that "will involve conflicting or complex testimony, or difficult legal issues" -- the factual issues appear to be "uncomplicated" and the law in this area is "clearly settled." Poindexter, 737 F.2d at 1189.  Finally, with regard to plaintiff's claim that unfairness will result if she is forced to proceed without counsel while her adversary has counsel from a large law firm, the Court notes that this is precisely the concern that Title VII's appointment of counsel provision was intended to address. Id. at 1183 ("[T]he legislative history clearly indicates that Congress' overriding concerns were the hardship that litigation costs would impose on indigent plaintiffs and the need to minimize the impact of resource imbalances between plaintiffs and defendants on the outcome of Title VII litigation.").  Despite this concern,

however, Congress chose not to "ensure appointment of counsel as a matter of course," id.; rather, it left the decision to the sound discretion of the district courts. Pursuant to that discretion, then, and applying the four-factor test articulated in Poindexter, the Court concludes that because each factor is deficient in some significant respect, and no factor weighs decisively in plaintiff's favor, appointment of counsel is simply not warranted here. Thus, plaintiff's motions for a court appointed attorney will be denied.

### III.     Motions for Sanctions

Robinson-Reeder has also filed [15] a "Notice to Court Defendants Misrepresent EEOC Facts with Attempts to Deceive the Court"[5] ("Pl.'s Mot. for Sanctions") and [35] a motion for sanctions against ACE's counsel Christine N. Kearns pursuant to Fed. R. Civ. P. 11 and various other legal authorities ("Pl.'s Sec. Mot. for Sanctions").[6]  In her initial motion, Robinson-Reeder alleges that Kearns should be sanctioned for making various misrepresentations to the Court during the course of this and other related litigation. See Pl.'s Mot. for Sanctions at 2-4. In her most recent motion, Robinson-Reeder accuses Kearns of committing six allegedly sanctionable acts:

---

[5] Although not styled as such, this filing is, unambiguously, a request for sanctions against ACE's counsel Christine Kearns and the Court will treat it accordingly. ACE also contends that in addition to requesting sanctions, Robinson-Reeder has made a de facto motion for reconsideration of the Court's January 29, 2008 Memorandum Opinion in a related case, Robinson-Reeder v. Am. Council on Educ., Civ. A. No. 07-0880, and a motion for Judge Bates to recuse himself from this case. Even when construing these pro se filings liberally, as it must, the Court does not find that Robinson-Reeder has sought such additional relief here. And, in any event, the Court's January 15, 2009 Order (ECF # 18) denied [11] plaintiff's motion for right of substitution with cause, which was construed as a motion for recusal and was pending at the time plaintiff's first motion for sanctions was filed.

[6] In support of her motion, plaintiff also cites 28 U.S.C. § 1927, 42 U.S.C. § 2000e–5(k), and the American Bar Association's Model Rules of Professional Conduct.

> 1 Count: Harassing pro se plaintiff for (Interrogatories) Federal Rule 34 before following procedures of (Duty to Confer) Federal Rule 26d.  2. Count: Stating the untruth on EEOC and misrepresentation of facts to gain dismissal.  3. Count: Persuading ACE to commit Perjury to avoid liability.  4. Racial undertones and disrespect for Title VII.  5. Needless litigation on signed Stipulation for Dismissal.  6. Denial of delivery to attempt dismissal.

Pl.'s Sec. Mot. for Sanctions at 1.  According to plaintiff, monetary sanctions in the amount of $100,516 should be imposed on Kearns and paid directly to Robinson-Reeder.  Id. at 10.

In response to plaintiff's first motion, ACE asserts that the motion should be denied because "[n]one of these claims has any legal or factual basis whatsoever."  Def.'s Opp'n to Mot. for Sanctions at 2.  Beyond noting procedural deficiencies with Robinson-Reeder's sanctions motion (i.e., not complying with the requirements of Rule 11(c)), ACE also asserts that the three primary misrepresentations alleged by plaintiff are not sanctionable and, in fact, they are not even misrepresentations.[7]  Id. at 4-5.  With regard to plaintiff's second motion, ACE contends that Robinson-Reeder's accusations are baseless and that she has presented no evidence to support her claims.  See Def.'s Opp'n to Sec. Mot. for Sanctions at 6-10.  And, in any event, ACE argues that "Ms. Robinson-Reeder has not alleged any conduct that violates either Rule 11 or 28 U.S.C. § 1927."  Id. at 6.

As this Court has previously noted, "Rule 11 sanctions protect the court from frivolous and baseless filings that are not well grounded, legally untenable, or brought with the purpose of

---

[7] With respect to one of these alleged misrepresentations, Robinson-Reeder made a specific request to defendant seeking a correction and ACE did so by filing "Correction of Brief Filed with this Court on September 18, 2008" on March 27, 2009 (ECF # 33).  This filing corrected a disputed sentence of ACE's Memorandum of Points and Authorities in Support of its Motion to Dismiss Plaintiff's Complaint filed in Robinson-Reeder v. Am. Council on Educ., Civ. A. No. 08-1564 (ECF # 4-2), a case that was previously before this Court, but has since been remanded to the Superior Court for the District of Columbia.

vexatiously multiplying the proceedings." Butler v. Potomac Elec. Power Co., Civ. A. No. 03-0946, 2004 WL 4972367, at *5 (D.D.C. Aug. 25, 2004) (internal quotations and citations omitted).  "The test [for sanctions] under Rule 11 is an objective one:  that is, whether a reasonable inquiry would have revealed that there was no basis in law or fact for the asserted claim.  The Court must also take into consideration that Rule 11 sanctions are a harsh punishment, and what effect, if any, the alleged violations may have had on judicial proceedings."  Sharp v. Rosa Mexicano, D.C., LLC, 496 F. Supp. 2d 93, 100 (D.D.C. 2007) (internal quotations and citations omitted).  Similarly, 28 U.S.C. § 1927 provides that:  "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Thus, a violation of section 1927 "occurs when a lawyer's conduct goes beyond mere negligence and carelessness and is reckless in light of the circumstances."  Mims v. BCE, Inc., Civ. A. No. 03-2203, 2009 WL 464263, at *2 (D.D.C. Feb. 24, 2009) (citing United States v. Wallace, 964 F.2d 1214, 1219 (D.C. Cir. 1992)).

   Based on the record and the parties' memoranda, sanctions are completely unwarranted in this case.  The accusations made against Kearns are devoid of evidentiary support and are largely based upon plaintiff's own mischaracterizations and speculation.  Putting aside the requirements of Rule 11(c), which were not followed by plaintiff here, nothing alleged by plaintiff rises to the level of conduct that is sanctionable under Rule 11 or, for that matter, 28 U.S.C. § 1927.  Accordingly, the Court will deny plaintiff's motions for sanctions.

**IV.    Motion to Send Defendant Electronic Delivery**

Plaintiff's final motion, [30] "Motion to Send Defendant Electronic Delivery," is essentially a motion for leave of court to dispense with the normal service requirements under Fed. R. Civ. P. 5(b).  Instead, Robinson-Reeder requests that she be allowed to make her filings with the Clerk's office and then send defendant's counsel notice of such filings via email.  Plaintiff's filings will then be accessible to defendant's counsel through the Court's ECF system once they are scanned and posted by the Clerk's office.  Robinson-Reeder asserts that the costs of copying and postage associated with effecting service on defendant by U.S. mail are burdensome in light of her lack of income.  Although ACE has not opposed this motion, it has lodged numerous complaints about Robinson-Reeder's failure to comply with the service requirements.  See, e.g., Def.'s Opp'n to Sec. Mot. for Sanctions at 9-10 ("ACE, through counsel, has brought to Ms. Robinson-Reeder's attention and then to the Court's attention a number of instances in which Ms. Robinson-Reeder has failed to properly provide service.").  Proper service of pleadings and other court papers upon an opposing party is fundamental to the functioning of our adversarial system and, accordingly, the Court will not allow plaintiff to disregard the normal service requirements set forth in Fed. R. Civ. P. 5.[8]  Hence, the Court will deny plaintiff's motion.

## CONCLUSION

For the foregoing reasons, plaintiff's motions for preliminary injunctive relief, court appointed counsel, sanctions, and leave to send defendant electronic delivery will all be denied.

---

[8] Fed. R. Civ. P. 5(b)(2)(E) provides that a paper is properly served by "sending it by electronic means if the person [to be served] consented in writing—in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served."  Neither party has represented that such consent was ever sought by plaintiff or given by defendant.

A separate Order accompanies this Memorandum Opinion.

/s/
JOHN D. BATES
United States District Judge

Dated:  June 17, 2009

Copy to:
Jacqueline T. Robinson-Reeder
2140 Brooks Drive
Apartment 421
District Heights, MD 20747