UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JACQUELINE T. ROBINSON-REEDER,

Plaintiff,

v.

AMERICAN COUNCIL ON EDUC.

Defendant.

Civil Action No. 08-1577 (JDB)

## MEMORANDUM OPINION

This is a Title VII retaliation case brought by Jacqueline Robinson-Reeder, proceeding pro se, against her former employer, the American Council on Education ("ACE"). Before the Court are a number of motions filed by both parties: [53] defendant's motion for sanctions; [58] plaintiff's motion to prevent misuse of an electronic email account; [80] plaintiff's motion for an extension of time to obtain written interrogatories; [84] plaintiff's motion for sanctions and to compel; and [86] plaintiff's motion to obtain original documents in discovery.[1]

## ANALYSIS

**I.    Defendant's Motion for Sanctions**

ACE has filed [53] a motion for sanctions under Federal Rule of Civil Procedure 37(b)(2)(A) based on Ms. Robinson-Reeder's failure to serve initial disclosures on June 24, 2009, as required by the Court. See Minute Order, June 9, 2009. Although ACE concedes that Ms.

---

[1] Also pending before the Court are several motions for summary judgment filed by Ms. Robinson-Reeder and a motion for summary judgment filed by ACE. Additionally, Ms. Robinson-Reeder has filed a "Motion for Failure to Provide COBRA Notice Penalties Are Assessed Under 29 U.S.C. 1161," which in substance is a motion for partial summary judgment. The Court set a dispositive briefing schedule in its September 8, 2009 Order, and will resolve the pending summary judgment motions at the conclusion of that schedule.

Robinson-Reeder provided some discovery on June 24, 2009, her filing allegedly did not contain the information required by Federal Rule of Civil Procedure 26(a)(1). See Def.'s Mot. for Sanctions [Docket Entry 53], at 1; id., Exhibit A ("Plaintiff's Reply to First Set of Interrogatories/Requests for Production and Admission"). For her part, Ms. Robinson-Reeder responds that her discovery filing satisfied the Federal Rules and therefore "Defendant appears to be arguing about the answers of the plaintiff." Pl.'s Opp'n to Def.'s Mot. for Sanctions [Docket Entry 55], at 5. She suggests that defendant's argument is overwrought, as she should not be held to the standard of an attorney responding to initial disclosures. Id. at 5. In any event, ACE's "request specifically stated 'answer the questions to the best of your ability.'" Id.

Rule 37 of the Federal Rules of Civil Procedure permits a court to sanction a party that fails to obey a discovery order. See Fed. R. Civ. P. 37(b). Here, ACE suggests that because Ms. Robinson-Reeder's June 24, 2009 filing does not provide the information required by Rule 26(a)(1), she has failed to comply with the Court's discovery order. The Court is unwilling to construe Ms. Robinson-Reeder's filing so harshly. Although she does not provide all the information required by Rule 26(a)(1), she did respond to at least some of ACE's discovery requests by the Court's deadline. And ACE nowhere contends that Ms. Robinson-Reeder's failure to provide adequate initial disclosures has hampered its ability to litigate this case. See Bonds v. District of Columbia, 93 F.3d 801, 808 (D.C. Cir. 1996) (a court should consider prejudice in determining whether severe discovery sanctions are justified). The Court is confident that sanctions are unnecessary here to "enable [the Court] to discharge efficiently [its] front-line responsibility for operating the judicial system." Bristol Petroleum Corp. v. Harris, 901 F.2d 165, 167 (D.C. Cir. 1990). Accordingly, the Court denies defendant's motion for

sanctions.

## II.   Plaintiff's Motion to Prevent Misuse of an Electronic Email Account

Ms. Robinson-Reeder has filed [58] a motion to preclude ACE from contacting Ms. Robinson-Reeder via email.  According to Ms. Robinson-Reeder, "the defendant continues to use the plaintiff's email account without her consent."  Pl.'s Mot. to Prevent Misuse [Docket Entry 58], at 1.[2]  ACE responds that it emails her "regarding case management issues, such as requesting her consent for non-dispositive motions" because email is "the only means by which the parties can communicate about various issues that necessarily arise as the case progresses."  Def.'s Opp'n to Pl.'s Mot. to Prevent Misuse [Docket Entry 64], at 2.

Ms. Robinson-Reeder provides no justification for her motion.  In fact, ACE offers that she has initiated communication through email.  See Def.'s Opp'n to Pl.'s Mot. to Prevent Misuse, at 2.  The parties here, as in any litigation, must be able to confer about issues that arise during the litigation, including discussing any nondispositive motions before their filing.  See Local Civil Rule 7(m).  The Court will not discourage communication between the parties by limiting the means of communication.  Therefore, the Court denies Ms. Robinson-Reeder's motion.  Further, Ms. Robinson-Reeder must provide an email address at which opposing counsel can contact her -- plaintiff did, after all, initiate this case.

---

[2] Ms. Robinson-Reeder finds it particularly unfair that ACE contacts her via email even though she "was ordered not to use electronic mail for deliveries to the defendant."  Pl.'s Mot. to Prevent Misuse, at 1.  That order, however, does not bear on Ms. Robinson-Reeder's request here.  She previously sought leave of the Court to dispense with the normal service requirements under Fed. R. Civ. P. 5(b) by "mak[ing] her filings with the Clerk's office and then send[ing] defendant's counsel notice of such filings via email."  Robinson-Reeder v. Amer. Council on Educ., 626 F. Supp. 2d 11, 19 (D.D.C. 2009).  The Court precluded Ms. Robinson-Reeder from disregarding "the normal service requirements set forth in Fed. R. Civ. P. 5."  Id.

**III.  Plaintiff's Motion to Obtain Written Interrogatories**

Ms. Robinson-Reeder has also filed [80] a motion that the Court construes as a request for an extension of discovery to obtain depositions by written questions. She suggests that she wishes extra time "to examine the discovery from the defendant used in the plaintiff's deposition on September 9, 2009," and to "depose any person" through written questions. Pl.'s Mot. for Extension [Docket Entry 80], at 1 (citing Fed. R. Civ. P. 31(a)(1)).[3] ACE responds by arguing that discovery closed prior to Ms. Robinson-Reeder's motion. See Def.'s Opp'n to Pl.'s Mot. for Extension, at 2-3. And it notes that her three motions for summary judgment are inconsistent with her request for further discovery. Id.

Discovery in this case closed on August 28, 2009, and Ms. Robinson-Reeder provides no reason why the Court should extend that date. Nor can she rely on the Court's September 8, 2009 Order for justification. In that order, the Court permitted the parties to complete three outstanding depositions after the discovery deadline; the Court did not authorize a general extension of discovery. Further, such an extension would be inconsistent with the current posture of the case, as both parties have filed motions for summary judgment. Accordingly, Ms. Robinson-Reeder's motion is denied.

**IV.  Plaintiff's Motion for Sanctions and to Compel**

Ms. Robinson-Reeder has also filed [84] a motion to sanction defendant's counsel and to

---

[3] Ms. Robinson-Reeder also contends that ACE failed to serve discovery required in the Court's September 8, 2009 Order. See Pl.'s Mot. for Extension, at 1. ACE conclusively demonstrates that it served this discovery on Ms. Robinson-Reeder. See Def.'s Opp'n to Pl.'s Mot. for Extension [Docket Entry 82], Exhibit A.

compel discovery.[4]  She contends that she has been "denied the right to obtain Discovery" because Christine Morfit and Coleen Collins objected to some of their written deposition questions.  Pl.'s Mot. to Sanction and to Compel, at 1.  For its part, ACE responds that "it has fully responded to Ms. Robinson-Reeder's discovery requests and complied with Orders of the Court," even though Ms. Robinson-Reeder has exceeded the limits on discovery set forth in the Federal Rules.  Def.'s Opp'n to Pl.'s Mot. to Sanction and to Compel [Docket Entry 87], at 3; see id. at 4.  Moreover, ACE argues that where it objected to Ms. Robinson-Reeder's questions, it did so because they "d[id] not relate to the allegations and issues raised in this case."  Id. at 4.

ACE misapprehends Ms. Robinson-Reeder's argument.  She asserts that ACE failed to fully answer the written deposition questions provided to Ms. Morfit and Ms. Collins.  ACE's response, however, invokes its interrogatory answers in arguing that it satisfied its discovery obligations.  See Def.'s Opp'n to Pl.'s Mot. to Sanction and to Compel at 3 ("ACE has gone out of its way to answer Ms. Robinson-Reeder's discovery questions by responding to her eigty-seven interrogatories . . . ."); id., Exhibit A (Defendant's Objections and Responses to Plaintiff's Discovery Requests Dated June 29, 2009).  These interrogatory answers reveal nothing about whether ACE properly responded to the written depositions questions.

Nevertheless, the Court has reviewed the written deposition responses provided by Ms. Morfit and Ms. Collins.  See Def.'s Opp'n to Pl.'s Mot. for Extension, Exhibit A.  Both witnesses object to many of Ms. Robinson-Reeder's questions based on the same assertion of irrelevance:

---

[4] To the extent that Ms. Robinson-Reeder requests sanctions, see Pl.'s Mot. to Sanction and to Compel [Docket Entry 84], at 2, they are unwarranted.  The accusations made against Kearns are devoid of evidentiary support.  Putting aside the requirements of Fed. R. Civ. P. 11(c), which were not followed by plaintiff here, nothing alleged by plaintiff rises to the level of conduct that is sanctionable under Rule 11.

> ACE objects to the Question on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence because it relates to the claims in Case No. 1:07-cv-00880, which were dismissed by an Order dated January 29, 2008. This case is limited to the Plaintiff's allegation that "since her employment ended with the defendant American Council on Education ("ACE"), defendant has provided negative job references in retaliation for the charge of discrimination filed by plaintiff against ACE with the U.S. Equal Employment Opportunity Commission ("EEOC") in December 2006. In addition, the period for written discovery in Case No. 2008 CA 006141 B in the Superior Court for the District of Columbia closed on July 20, 2009. Prior to serving these requests, Ms. Robinson-Reeder had filed a Motion for Summary Judgment in Superior Court.

Id., Exhibit A (citation and quotation omitted). Fed. R. Civ. P. 26(b)(1) requires the production of material that is "relevant to any party's claim or defense." The burden is on the responding party to "provide true, explicit, responsive, complete and candid answers to the interrogatories." Chubb Integrated Sys. Ltd. v. Nat'l Bank of Washington, 103 F.R.D. 52, 61 (D.D.C. 1984).

Here, the witnesses' repeated relevance objection does not adequately explain how the information requested in a particular deposition question is unrelated to Ms. Robinson-Reeder's claim. For example, Ms. Collins invokes the relevance objection in response to a question asking for details about the complaints against Ms. Robinson-Reeder. See Def.'s Opp'n to Pl.'s Mot. for Extension, Exhibit A (examination of Coleen Collins, question 2). Details about these complaints, however, possibly could inform the content of the negative job references defendant allegedly provided or identify individuals who were involved in the alleged retaliation. At the least, the witnesses' objections do not provide the necessary detail for the Court to credit the conclusion of irrelevance. Therefore, the Court grants Ms. Robinson-Reeder's motion. To be sure, the witnesses may still object to questions on relevancy grounds, but any such objections

must be supported by detailed explanations.[5]

## V. Motion for Original Documents in Discovery

Ms. Robinson-Reeder's final motion, [86] styled as a "Motion for Original Document in Discovery," is essentially a motion under Fed. R. Civ. P. 34 to inspect a particular document.[6] See Fed. R. Civ. P. 34(a)(1). According to Ms. Robinson-Reeder, because ACE deposed her about "'the color of pen she used'" to sign a health benefit enrollment form, she should be permitted to inspect the original document, which, of course, reflects the color of her signature. Pl.'s Mot. for Original Document [Docket Entry 86], at 1. ACE responds that ACE has already disclosed a copy of the document, and therefore should not be required to provide the original as well. See Def.'s Opp'n to Pl.'s Mot. for Original Document [Docket Entry 88], at 1. Although ACE is correct that, in general, black and white copied documents satisfy a party's discovery obligations, here ACE has put a color or a mark on the original enrollment form at issue. Therefore, ACE must either arrange for Ms. Robinson-Reeder to inspect the original enrollment form at counsel's office, or provide her with a color copy of the original form.[7]

## CONCLUSION

A separate order accompanies this Memorandum Opinion.

---

[5] The Court is aware that Ms. Robinson-Reeder filed three summary judgment motions before she obtained Ms. Collins's and Ms. Morfit's written deposition responses. The Court ordered that these witnesses be deposed after Ms. Robinson-Reeder filed her motions. Accordingly, ordering this "additional" discovery is not inconsistent with Ms. Robinson-Reeder's request for judgment.

[6] Although Ms. Robinson-Reeder seeks to obtain the original document under Fed. R. Civ. P. 36, that Rule does not require disclosure of the original document.

[7] The Court will not permit any further discovery in this case beyond what it has permitted in this Memorandum Opinion and accompanying Order.

/s/
JOHN D. BATES
United States District Judge

Dated: October 26, 2009

Copy to:
Jacqueline T. Robinson-Reeder
2140 Brooks Drive
Apartment 421
District Heights, MD 20747